**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4447**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GIOVANNI A. WATERS, a/k/a Giovanni Alphonzo Waters, a/k/a Wiz,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Charlottesville.  Norman K. Moon, Senior District Judge.  (3:15-cr-0006-NKM-JCH-1)

Submitted:  May 28, 2021                                        Decided:  July 8, 2021

Before DIAZ and THACKER, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Juval O. Scott, Federal Public Defender, Lisa M. Lorish, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charlottesville, Virginia, for Appellant.  Daniel P. Bubar, Acting United States Attorney, Jennifer R. Bockhorst, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Abingdon, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Giovanni A. Waters appeals the 15-month sentence imposed following the second revocation of his supervised release. On appeal, Waters argues that the district court imposed a plainly unreasonable sentence by (1) failing to acknowledge or address his mitigation arguments regarding the severity of his incarceration during the COVID-19 pandemic, and (2) imposing a longer term of imprisonment to promote deterrence, despite his substance abuse disorder. Finding no error, we affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Patterson*, 957 F.3d 426, 436 (4th Cir. 2020). "We will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017) (internal quotation marks omitted). To determine whether a revocation sentence is plainly unreasonable, we first determine whether the sentence is procedurally or substantively unreasonable, evaluating "the same procedural and substantive considerations that guide our review of original sentences" but taking "a more deferential appellate posture than we do when reviewing original sentences." *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015) (alteration and internal quotation marks omitted).

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors." *United States v. Coston*, 964 F.3d 289, 297 (4th Cir. 2020) (internal quotation marks omitted), *cert. denied*, 141 S. Ct. 1252 (2021); *see* 18 U.S.C. § 3583(e) (listing sentencing factors

2

applicable to revocation proceedings). "A revocation sentence is substantively reasonable if, in light of the totality of the circumstances, the court states an appropriate basis for concluding that the defendant should receive the sentence imposed." *Coston*, 964 F.3d at 297 (internal quotation marks omitted).

In fashioning an appropriate sentence, "the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator." *United States v. Webb*, 738 F.3d 638, 641 (4th Cir. 2013) (internal quotation marks omitted). A revocation sentence within the properly calculated policy statement range "is presumed reasonable." *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015) (internal quotation marks omitted).

Waters first contends that the district court inadequately explained the sentence it imposed on him when it did not address certain mitigation arguments related to the Bureau of Prisons' (BOP) response to the COVID-19 pandemic. A sentencing court must provide a sufficient explanation "to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decision-making authority." *United States v. Blue*, 877 F.3d 513, 518 (4th Cir. 2017) (internal quotation marks omitted). In doing so, the court "must address the parties' nonfrivolous arguments in favor of a particular sentence, and if the court rejects those arguments, it must explain why in a detailed-enough manner that [we] can meaningfully consider the procedural reasonableness of the revocation sentence imposed." *Slappy*, 872 F.3d at 208; *see United States v. Ross*, 912 F.3d 740, 744 (4th Cir. 2019). A district court's failure to give "specific

3

attention" to nonfrivolous arguments generally produces a procedurally unreasonable sentence. *United States v. Lewis*, 958 F.3d 240, 245 (4th Cir. 2020) (internal quotation marks omitted). "[A]lthough the court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence, it still must provide a statement of reasons for the sentence imposed." *Slappy*, 872 F.3d at 208 (alteration and internal quotation marks omitted).

Here, the district court explicitly addressed part of Waters' argument regarding the impact of COVID-19 on his prison sentence, rejecting his contention that the increased physical danger for prisoners created by the pandemic warranted a lesser sentence in his particular case. However, the court did not expressly address Waters' related argument that the BOP's pandemic response would create more restrictive conditions of confinement and reduce or eliminate access to prison programming during his incarceration, also warranting a lesser sentence.

Under the circumstances presented, we conclude that the district court did not act unreasonably in failing to explicitly address Waters' argument. It is well established that, "[w]hen a court sentences a federal offender, the BOP has plenary control, subject to statutory constraints, over the place of the prisoner's imprisonment and the treatment programs (if any) in which he may participate." *Tapia v. United States*, 564 U.S. 319, 331 (2011) (citations and internal quotation marks omitted). Likewise,

> changes in a prisoner['s] location, variations of daily routine, changes in conditions of confinement (including administrative segregation), and the denial of privileges—matters which every prisoner can anticipate are contemplated by his original sentence to prison—are necessarily functions

4

of prison management that must be left to the broad discretion of prison administrators to enable them to manage the prisons safely and efficiently.

*Gaston v. Taylor*, 946 F.2d 340, 343 (4th Cir. 1991).

In addressing the BOP's response to the COVID-19 pandemic generally, Waters presented no evidence supporting his eligibility for any particular programming or establishing any such eligibility would be affected by the BOP's particular pandemic restrictions. Moreover, any consideration of the BOP's response to the pandemic or the resulting conditions of Waters' confinement was necessarily speculative, as it relied on variables that defy reliable prediction. Waters himself partially proves this point by describing his delayed transfer to a BOP facility. Waters offers no basis to suggest that the district court should have anticipated the length of the delay, the regional detention facility in which he would be housed, or the conditions at that particular facility. These uncertainties are compounded in Waters' case by the court's decision to allow Waters to self-report at a later date, providing even less certainty regarding the conditions in the BOP as of Waters' commencement of his term of imprisonment.

Waters correctly observes that Congress instructed courts to consider "the kinds of sentences available," 18 U.S.C. § 3553(a)(3), the need "to reflect the seriousness of the offense," 18 U.S.C. § 3553(a)(2)(A), and the need "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner," 18 U.S.C. § 3553(a)(2)(D), when imposing sentence. He also maintains that sentencing courts permissibly consider the nature of confinement in deciding what form of confinement to impose and properly account for considerations such as a

defendant's physical and mental characteristics that may expose him to abuse while incarcerated. These circumstances, however, are readily distinguishable from those at issue here. In each example Waters proffers, the applicable alternative or condition is characterized by fixed variables that can be predicted with some measure of accuracy and reliability. Moreover, these considerations necessarily are tailored to the individualized characteristics of the inmate being sentenced. In contrast, all inmates are potentially impacted by the BOP's COVID-19 response. In fact, consideration of the pandemic restrictions may tend to create unwarranted sentencing disparities between those sentenced before and those sentenced during the pandemic. *See* 18 U.S.C. § 3553(a)(6). We therefore conclude that the court was not required to explicitly address this aspect of Waters' mitigation argument.[*]

Waters also argues that the court abused its discretion in basing its sentence on the need to promote deterrence, as a longer sentence does not serve that purpose in his case. Waters contends that no evidence in the record suggests that increased incarceration would deter someone, like Waters, with a documented substance abuse disorder from engaging in further drug use.

Waters is correct that "[a] sentence that does not serve the announced purposes of § 3553(a)(2) is unreasonable." *United States v. Dowell*, 771 F.3d 162, 176 (4th Cir. 2014) (quoting *United States v. Shortt*, 485 F.3d 243, 248 (4th Cir. 2007)); *see United States v.*

---

[*] In any event, even if the district court erred procedurally in failing to address Waters' argument, its revocation sentence was not plainly unreasonable.

*Howard*, 773 F.3d 519, 535 (4th Cir. 2014) ("A sentence that fails to fulfill the purposes of sentencing cannot be saved, even if it is supported by consideration of the six other [§ 3553(a)] factors." (internal quotation marks omitted)). Nevertheless, we find no abuse of discretion in the court's reliance on the need to promote deterrence here. The court based its sentencing determination not only on the fact of Waters' relapse, but also on the speed with which he returned to drug use mere weeks after his release from serving a prior 12-month revocation sentence for the same conduct. Waters makes no attempt to point to any particular stressors or other extenuating circumstances that might explain his rapid relapse, which indisputably represents a significant breach of the court's trust. Thus, we conclude that the district court acted within its discretion in concluding that a sentence longer than the 12 months he previously served on his first revocation was needed to promote deterrence following his second revocation.

Waters' reliance on *Robinson v. California*, 370 U.S. 660 (1962), and *Powell v. Texas*, 392 U.S. 514 (1968), is misplaced. Those authorities recognized an Eighth Amendment prohibition on the "targeted criminalization of *otherwise legal* behavior that is an involuntary manifestation of an illness"—not on the prohibition of illegal drug use. *Manning v. Caldwell for City of Roanoke*, 930 F.3d 264, 285 (4th Cir. 2019) (en banc). In recently applying *Robinson* and *Powell* to reinstate a challenge to a similar state statute, we declined to "cast any doubt" on the continued validity of "any restrictions imposed after conviction of a crime" or their use "to thwart criminal misconduct." *Id.* at 284. Instead, we explained that "[u]nquestionably, courts may restrict an individual's liberty pursuant to a criminal sentence," and thus may, "in appropriate cases[,] . . . impose and enforce targeted

restrictions as conditions of supervised release, . . . even on persons who suffer from certain illnesses." *Id.*; *cf. Robinson*, 370 U.S. at 665 ("There can be no question of the authority of the state in the exercise of its police power to regulate the . . . use of dangerous and habitforming drugs."). Thus, the Eighth Amendment did not prevent the district court from considering in aggravation Waters' continued violation of his supervised release terms through drug use, despite the difficulties presented by his substance abuse disorder.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*